IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUSEBIA GARCIA, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATE OF GABRIEL GARCIA, DECEASED, AND AS NEXT FRIEND OF EDUARDO GARCIA, A MINOR, AND ANGEL GARCIA <br><br> V. <br><br> INTERMARINE, LLC; MS "ORION J" SCHIFFAHRTSGESELLSCHAFT UG (HAFTUNGSBESCHRANKT) & CO. KG; JMS FOURTY-FIFTH SHIPPING CO. LTD.; AND JUNGERHANS HEAVY-LIFT-FLEET SERVICES GMBH & CO. KG | § § § § § § § § § § § § § § § | CASE NO. _____ <br><br> IN ADMIRALTY |

## NOTICE OF REMOVAL

Defendant, Intermarine, LLC ("Intermarine"), files its Notice of Removal of this dispute to the United States District Court for the Southern District of Texas, Houston Division, and respectfully would show as follows:

### I.   GROUNDS FOR REMOVAL

1. This case is removable to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

2. This case is also removable to this Court because it arises under admiralty law pursuant to 28 U.S.C. § 1333 and is therefore removable under 28 U.S.C. § 1441(a).

3. All Plaintiffs are residents of Pasadena, Harris County, Texas.

4. Intermarine is a limited liability company registered in the State of Louisiana and maintains its principal place of business in New Orleans, Louisiana.

5. As stated in Plaintiffs' Original Petition filed in Harris County District Court, Defendant MS "ORION J" Schiffartgesellschaft UG (Haftungsbeschrankt) & Co. KG is a

business entity organized and existing under the laws of Germany. MS "ORION J" Schiffartgesellschaft UG (Haftungsbeschrankt) & Co. KG has not been served nor has it appeared in the state court proceeding.

6. As stated in Plaintiffs' Original Petition filed in Harris County District Court, Defendant JMS Fourty-Fifth Shipping Co. Ltd. is a business entity organized and existing under the laws of Antigua. JMS Fourty-Fifth Shipping Co. Ltd. has not been served nor has it appeared in the state court proceeding.

7. As stated in Plaintiffs' Original Petition filed in Harris County District Court, Defendant Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG is a business entity organized and existing under the laws of Germany. Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG has not been served nor has it appeared in the state court proceeding.

8. As described more fully below, Plaintiffs seek to recover an amount in excess of $75,000, excluding interest and costs, from the named Defendants in a state court action.

## II. PENDING STATE SUIT

9. On or about May 21, 2014, Plaintiffs filed a civil action against Intermarine in Cause No. 2014-29137; *Eusebia Garcia, Individually, as Representative of the Estate of Ganriel Garcia, Deceased, and as Next Friend of Eduardo Garcia, a Minor, and Angel Garcia v. Intermarine, LLC, MS "ORION J" Schiffartsgesellscharft UG (Haftungbeschrankt) & Co. KG; JMS Fourty-Fifth Shipping Co. Ltd.; and Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG*; in the 129th Juridical District Court of Harris County, Texas.

10. Plaintiffs alleged that on or about May 10, 2014, Decedent Gabriel Garcia was working as a longshoreman at the Houston Ship Channel aboard the MV INDUSTRIAL DAWN, when he sustained fatal personal injuries while in the course and scope of his employment.

11. The Houston Ship Channel is a navigable waterway as defined by <u>Smith v. The Abandoned Vessel</u>, 610 F. Supp. 2d 739, 750 (S.D. Tex. 2009).

12. The MV INDUSTRIAL DAWN was, at all material times, involved in traditional maritime activities as defined by <u>Executive Jet Aviation, Inc. v. City of Cleveland</u>, 409 U.S. 249 (1973).

13. Plaintiffs have asserted claims under (1) a negligence theory, (2) the Texas Wrongful Death Statute, and (3) the Texas Survival Statute.

14. The name and address of the court from which the case is being removed is:

> 129th Judicial District Court
> Harris County Courthouse
> 201 Caroline Street
> Houston, Texas 77210

### III.  STATE COURT DOCUMENTS

15. The following documents are attached to this Notice of Removal:

Exhibit "A"   Plaintiff's Original Petition

Exhibit "B"   Copy of the state court Docket Sheet

Exhibit "C"   List of all counsel of record, addresses, telephone numbers, and parties

### IV.  TIMING OF REMOVAL

16. Intermarine was served with Plaintiffs Petition on or about May 23, 2014. This Notice of Removal is being filed within 30 days of service of the petition upon Intermarine and is timely filed under 28 U.S.C. § 1446(b).

### V.  PLAINTIFFS' PETITION ESTABLISHES DIVERSITY JURISDICTION

17. In Plaintiffs' Original state court petition, Plaintiffs claim that all Plaintiffs are residents of Pasadena, Harris County, Texas.

18. Plaintiffs brought suit against Intermarine, a limited liability company registered and domiciled in Louisiana.

19. Plaintiffs also brought suit against MS "ORION J" Schiffartgesellschaft UG (Haftungsbeschrankt) & Co. KG, an entity domiciled in Germany.

20. Plaintiffs also brought suit against JMS Fourty-Fifth Shipping Co. Ltd., an entity domiciled in Antigua.

21. Finally, Plaintiffs brought suit against Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG, an entity domiciled in Germany.

22. Because Plaintiffs and Defendants are citizens of different states and countries, and because Plaintiffs seek to recover an amount exceeding $75,000 (excluding interest and costs), removal is proper under 28 U.S.C. § 1332(a).

23. Consent by all named Defendants in this matter is not necessary because only Intermarine has been served with Plaintiffs' state court petition.

## VI. PLAINTIFFS' PETITION ESTABLISHES ADMIRALTY JURISDICTION

24. All of Plaintiffs' claims arise from a single incident that occurred on or about May 10, 2014, aboard the MV INDUSTRIAL DAWN while Decedent Gabriel Garcia was working as a longshoreman. Plaintiffs have not alleged that Decedent Gabriel Garcia was a Jones Act seaman.

25. All of the claims brought by Plaintiffs involve issues governed by federal admiralty law. Federal courts have original jurisdiction over all cases of admiralty and maritime jurisdiction. Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772, 777 (S.D. Tex. 2013).

26. When the federal district courts have original jurisdiction over claims asserted in state court, the action can be removed pursuant to 28 U.S.C. § 1441(a). Removal of claims is permitted when removal is not otherwise prohibited. 28 U.S.C. § 1441(a).

## VII.   VENUE

27. Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the 129th Judicial District Court of Harris County, Texas, where the state action is pending, is located within the district and division.

## VIII.   NOTICE TO ADVERSE PARTIES AND TO STATE COURT

28. As the removing party, Intermarine will give Plaintiffs and the other named Defendants prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

29. Intermarine will also file a copy of this Notice of Removal with the 129th Judicial District Court of Harris County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

## IX.   JURY DEMAND

30. Intermarine hereby requests a trial by jury pursuant to Fed. R. Civ. P. 38.

## X.   ANSWER

31. Intermarine has not filed any responsive pleadings in the state court action, except the Notice of Removal as required by the Federal Rules of Civil Procedure. Intermarine will file its Answer to Plaintiffs' lawsuit in the near future.

## XI.   PRAYER

32. For these reasons and in conformity with 28 U.S.C. § 1446, Intermarine respectfully removes this civil action styled *Eusebia Garcia, Individually, as Representative of the Estate of Ganriel Garcia, Deceased, and as Next Friend of Eduardo Garcia, a Minor, and*

*Angel Garcia v. Intermarine, LLC, MS "ORION J" Schiffartsgesellscharft UG (Haftungbeschrankt) & Co. KG; JMS Fourty-Fifth Shipping Co. Ltd.; and Jungerhans Heavy-Lift-Fleet Services GmbH & Co. KG*, and bearing Cause No. 2014-29137 on the docket of the 129th Judicial District Court of Harris County, Texas.  Intermarine prays for such other and further relief, both general and special, at law and in equity, to which Intermarine may show itself justly entitled.

Respectfully submitted,

/s/ Thomas J. Smith
Thomas J. Smith
State Bar No. 00788934
Federal Bar No. 23773
Kelly C. Hartman
State Bar No. 24055631
Federal Bar No. 777411
Shannon L. Snider
State Bar No. 24081157
Federal Bar No. 1515122

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,
INTERMARINE, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served to the following via U.S. Mail, return receipt requested on June 19th, 2014:

**Via CMRRR**
Terry Bryant
Gregg Anderson
8584 Katy Freeway, Suite 100
Houston, Texas 77024
   *Attorneys for Plaintiffs*

**Via International Mail**
MS "ORION J" Schiffarhtsgesellscharft UG (Haftungsbeschrankt) & Co. KG
Boschsrabe 31-49733
Haren (Ems), Germany

**Via International Mail**
Jungerhans Heavy-Lift-Fleet Services Gmbh & Co. KG
Boschsrabe 31-49733
Haren (Ems), Germany

   */s/ Shannon L. Snider*
   Thomas J. Smith
   Kelly C. Hartman
   Shannon L. Snider